UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80334-CIV-ZLOCH

RENEE BETTIS,

    Plaintiff,

v.

TOYS "R" US,

    Defendant.
_____/

Case No. 08-60565-CIV-ZLOCH

SONYA GOSSARD,

    Plaintiff,

v.

JP MORGAN CHASE & CO.,

    Defendant.
_____/

Case No. 06-20418-CIV-ZLOCH

RAMON SABATIER,

    Plaintiff,

v.

SUNTRUST BANK,

    Defendant.
_____/

Case No. 09-60259-CIV-ZLOCH

LAISNER PAUL,

    Plaintiff,

v.

D & B TILE OF HIALEAH, INC.,

    Defendant.
_____/

## **ORDER**

This matter is before the Court upon the various Plaintiffs' Witness Lists for June 24, 2009 Proceeding Which the Court Has Termed as an "Evidentiary Hearing." *Bettis*, D.E. 184; *Gossard,* D.E. 80; *Sabatier*, D.E. 91; *Paul*, D.E. 14. In these Witness Lists, Loring N. Spolter, counsel for the various Plaintiffs, identifies four witnesses that he desires to call at the June 24, 2009, evidentiary hearing scheduled in this matter. These individuals include (1) the Honorable Federico Moreno, Chief United States District Judge for the Southern District of Florida; (2) the Honorable William J. Zloch; (3) Mr. Steven Larimore, Clerk of the United States District Court for the Southern District of Florida; and (4) Dr. Dragan Radulovic, Ph.D., Plaintiffs' proposed expert witness. Upon consideration of Plaintiffs' proposed witnesses, the Court now strikes from Plaintiffs' Witness Lists the Honorable Federico Moreno and the Honorable William J. Zloch.

In explaining the basis for this ruling, the Court evaluates the need for each proposed witness on Plaintiffs' Witness Lists. Beginning with Dr. Radulovic, a review of the record in this matter demonstrates that the Court directed Mr. Spolter to make Dr. Radulovic available to testify at the evidentiary hearing in this matter. *See* D.E. 173 at 5.[1] Similarly, the Court invited Mr. Spolter to identify any specific witnesses from the Clerk's Office whom he wished to call. *See id.* at 4-5. The Court can understand the potential relevance of these witnesses' testimony. Consequently, these individuals may be called to testify at the June 24, 2009, hearing.

With regard to Judge Moreno, however, the Court cannot readily discern any possible relevance Judge Moreno may have to the allegations contained in the Motions referred for

---

[1]This same Order of Referral is entered in each of the four above-captioned cases. For convenience, however, where the Court refers to a filing that has been entered identically in all four cases, the Court will cite to that filing only as it is numbered in the *Bettis* docket sheet.

evidentiary hearing.  Mr. Spolter's filings do not in any way suggest that Judge Moreno engaged in any wrongdoing or had knowledge of any alleged misconduct.  Under these circumstances, Judge Moreno appears to possess no "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the [allegations concerning rigging of the case-assignment system] more probable or less probable than it would be without the evidence."  *See* Fed. R. Evid. 401.  In the absence of any relevance to the issue before the Court, Judge Moreno's testimony is not admissible.  *See* Fed. R. Evid. 402.

Moreover, even assuming, *arguendo*, some minimal relevance, the Court has made available to Mr. Spolter any witness from the Clerk's Office that Mr. Spolter believes will help to prove his contentions.  *See* D.E. 173 at 4-5.  Based on the allegations asserted by Mr. Spolter, the alleged rigging of the case assignment system could have occurred only with the involvement and acquiescence of at least some personnel from the Clerk's Office.  As a result, Clerk's Office personnel appear to be in the best position to provide evidence concerning the allegations raised by Mr. Spolter.  Nor has Mr. Spolter identified any unique, material knowledge that Judge Moreno could be anticipated to possess.  Judge Moreno carries a full caseload and serves as the chief judge of one of the busiest judicial districts in the United States of America.  *See* Judicial Business of the United States Courts 2008 (showing 7,815 civil cases and 1,763 criminal cases filed in the Southern District of Florida in 2008).  As it appears as though the Clerk's Office should have the best knowledge concerning Mr. Spolter's allegations, and, in view of the fact that Mr. Spolter has not specified any relevant, let alone unique, material knowledge that he would expect Judge Moreno to possess, the Court can identify no harm to Mr. Spolter by precluding Judge Moreno to testify and, therefore, will not take Judge Moreno away from his duties serving the people of this District and

the United States of America.

Finally, and perhaps most important, the Court notes that if Judge Zloch ultimately decided to recuse himself from any of the above-referenced cases, as the chief judge of the District, Judge Moreno might well be involved in the reassignment of the cases.  Participation as a witness in these proceedings could jeopardize Judge Moreno's ability to perform any subsequent duties with respect to the above-captioned cases, should such a need occur.  *See infra* at 4-5.  For all of these reasons, particularly in the absence of any statement even suggesting that Judge Moreno may have any information of substance to contribute at the evidentiary hearing, the Court strikes Judge Moreno from Plaintiffs' Witness Lists.

As for Judge Zloch, while he could be expected to possess material information concerning the truth or falsity of Mr. Spolter's allegations, Rule 605, Fed. R. Evid., precludes the judge presiding at a trial to testify in that trial as a witness.  Although Judge Zloch will not be presiding over the evidentiary hearing set for June 24, 2009, he will be reviewing and considering all findings of fact and recommendations of law included within my resulting report and recommendation, and subsequently rendering a decision regarding Plaintiffs' motions seeking recusal and disqualification.  Thus, if he were to testify at the evidentiary hearing, Judge Zloch would have to pass judgment based, in part, on his own testimony.  Such a procedure runs afoul of Rule 605.  *See Cheeves v. Southern Clays, Inc.*, 797 F. Supp. 1570, 1582-83 (M.D. Ga. 1992); *see also In re: Evergreen Security, Ltd.*, ___ F.3d ___ (11th Cir. Jun. 11, 2009), 2009 WL 1622386 (citing with approval *Cheeves*, *supra*).

Furthermore, other courts have recognized the problems inherent in calling the presiding judge as a witness in proceedings relating to his or her disqualification.  In *Cheeves*, for example,

-4-

the court explained,

> Embroiling the presiding judge in the adversarial process of any case is not only unseemly, it is calculated to give rise at the least to a resulting appearance of bias against the aggressor litigant although . . . that species of boot strap bias cannot be recognized, as a matter of law, as a disqualifying circumstance.  To do so would simply invite manipulated harassment by any lawyer unscrupulous enough to willingly embark on a course of conduct designed to disqualify an otherwise impartial judge whose views are thought to be adverse to the interests of the client.  Such a tactic would, at worst, cause an unjustified voluntary disqualification of the presiding judge or, at least, cause endless delay in the litigation while those maneuvers are in process.

797 F. Supp. at 1582-83.  For these reasons, the Court strikes Judge Zloch from Plaintiffs' Witness Lists.

Last, the Court notes that Mr. Spolter's ability to present evidence regarding his allegations that the case assignment system has been rigged should not be hindered by this ruling.  Mr. Spolter has available to him any witness he desires from the Clerk's Office.[2]  As previously discussed, based on Mr. Spolter's contentions, to the extent that any rigging of the case assignment system occurred, at least someone from the Clerk's Office would have had to have been involved.  Consequently, this ruling does not prevent Mr. Spolter from proving his allegations, should proof of the alleged

---

[2] Of course, this opportunity has its limits.  To the extent that Plaintiffs sought to call each and every employee of the Clerk's Office, without respect to any possible nexus they might have to the case assignment system or the assignment of any of Mr. Spolter's cases, such witnesses' testimony would be inadmissible under Rule 402, Fed. R. Evid., as lacking relevance.

misconduct exist.

**DONE AND ORDERED** this 22nd day of June, 2009.

                             ROBIN S. ROSENBAUM
                             UNITED STATES MAGISTRATE JUDGE

cc:     Hon. William J. Zloch
         Hon. Federico Moreno
         Counsel of Record
         Steven M. Larimore, Esq., Court Administrator • Clerk of Court
         Jeffrey Sloman, Acting United States Attorney
         Kathleen Williams, Esq., Federal Public Defender