UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80334-CIV-ZLOCH

RENEE BETTIS,

       Plaintiff,

v.

TOYS "R" US,

       Defendant.

                              /
                               Case No. 08-60565-CIV-ZLOCH

SONYA GOSSARD,

       Plaintiff,

v.

JP MORGAN CHASE & CO.,

       Defendant.

                                /
                               Case No. 06-20418-CIV-ZLOCH

RAMON SABATIER,

       Plaintiff,

v.

SUNTRUST BANK,

       Defendant.

                                /
                               Case No. 09-60259-CIV-ZLOCH

LAISNER PAUL,

       Plaintiff,

v.

D & B TILE OF HIALEAH, INC.,

       Defendant.

                                /

**AMENDED ORDER**

This matter is before the Court *sua sponte*. In reviewing Government Exhibit ("GX") 6 from the June 24, 2009, evidentiary hearing, the Court noticed that page 2 of the exhibit, which shows the trail of how the District's case assignment computer program designated *Bettis* to Judge Zloch, identifies a "priority" of 1 for each of the judges sitting in West Palm Beach and Fort Lauderdale who were eligible to have received the assignment. Because the case originated in West Palm Beach, the Court understands why under the One Division Rule the judges sitting in West Palm Beach received a priority of 1. What is less clear to the Court, however, is why the judges sitting in Fort Lauderdale also received a priority of 1.

Similarly, the subsequent pages of GX 6 reflect the manner in which the District's case assignment computer program assigned *Maurice v. West Broward Group, LLC*, Case No. 07-61576, *Gossard v. JP Morgan Chase & Co.*, Case Nos. 08-60565 and 08-60107, and *Paul v. D & B Tile of Hialeah, Inc.*, Case No. 09-60259, respectively. The causes of action in these three cases all originated in Fort Lauderdale. As a result, the Court understands why, under the One Division Rule, Fort Lauderdale judges eligible for the assignment received a priority of 1, and West Palm Beach judges eligible for the assignment received a priority of 2. Miami judges eligible for the assignment, however, also received a priority of 1, and the reason for this is not apparent to the Court. Consequently, the Court directs the Clerk's Office to file by **5:00 p.m., Tuesday, July 7, 2009,** a notice explaining why the judges sitting in both Fort Lauderdale and West Palm Beach were all assigned a priority of 1 in *Bettis*, when the case originated in West Palm Beach, and judges sitting in both Fort Lauderdale and Miami were all assigned a priority of 1 in *Maurice*, *Gossard,* and *Paul*,

when the cases originated in Fort Lauderdale.

**DONE AND ORDERED** this 5th day of July, 2009.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch
       Counsel of Record
       Steven M. Larimore, Esq., Court Administrator • Clerk of Court